BENJAMIN B. WAGNER
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone:  (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | 2:10-CV-01559-WBS-EFB |
|---|---|
| Plaintiff, | |
| v. | FINAL JUDGMENT OF FORFEITURE |
| REAL PROPERTY LOCATED AT 342 ERIE CIRCLE, BLOOMINGDALE, ILLINOIS, DUPAGE COUNTY, PERMANENT REAL ESTATE INDEX NUMBER: 02-14-401-062, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, | |
| Defendant. | |

Pursuant to the Stipulation for Final Judgment of Forfeiture filed herein, the Court finds:

1.   This is a civil forfeiture action against real property located at 342 Erie Circle, Bloomingdale, Illinois, DuPage County, Permanent Real Estate Index Number: 02-14-401-062, (hereafter referred to as the "defendant property") and more fully described as:

> LOT 53 IN EASTGATE SUBDIVISION, BEING A SUBDIVISION OF PART OF THE WEST HALF OF SECTION 13 AND PART OF THE EAST HALF OF SECTION 14, TOWNSHIP 40 NORTH, RANGE 10, EAST OF THE THIRD PRINCIPAL MERIDIAN, ACCORDING TO THE PLAT THEREOF RECORDED JULY 29, 2000 AS DOCUMENT R2000-097466, IN DUPAGE COUNTY, ILLINOIS.
>
> PIN: 02-14-401-062

2. A Verified Complaint for Forfeiture *In Rem* ("Complaint") was filed on June 21, 2010, alleging that said defendant property is subject to forfeiture to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(A) and (a)(1)(C).

3. On July 21, 2010, the defendant property was posted with a copy of the Complaint and Notice of Complaint.

4. Beginning on June 24, 2010, for at least 30 consecutive days, the United States published Notice of the Forfeiture Action on the official internet government forfeiture site www.forfeiture.gov. A Declaration of Publication was filed on July 27, 2010.

5. In addition to the public notice on the official internet government forfeiture site www.forfeiture.gov, actual notice or attempted notice was given to the following individuals or entities:

    a. Muhammad Inayat
    b. Amber Inayat
    c. Chase Bank
    d. TCF National Bank
    e. Washington Mutual Bank

6. On August 10, 2010, JPMorgan Chase Bank, N.A.[1] filed a claim alleging a lien holder interest in the defendant property and an answer to the Complaint on September 1, 2010. On September 27, 2010, Muhammad Inayat and Amber Inayat filed claims alleging an interest in the defendant property. On June 23, 2011, TCF National Bank filed a claim alleging a lien holder interest in the defendant property and an answer to the Complaint on July 14, 2011. No other parties have filed claims or answers in this matter, and the time for which any person or entity may file a claim and answer has expired.

Based on the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

7. The Court adopts the Stipulation for Final Judgment of Forfeiture entered into by and between the parties to this action.

---

[1] JPMorgan Chase Bank, N.A., as acquirer of certain assets and liabilities of Washington Mutual Bank, from the Federal Deposit Insurance Corporation.

8. That judgment is hereby entered against claimants Muhammad Inayat, Amber Inayat, JPMorgan Chase Bank, N.A., and TCF National Bank, and all other potential claimants who have not filed claims in this action.

9. Within five months from signing the Stipulation for Final Judgment of Forfeiture, claimants Muhammad Inayat and Amber Inayat shall send a cashier's check for $150,000.00 made payable to the U.S. Marshals Service to the U.S. Attorney's Office, Attn: Asset Forfeiture Unit, 501 I Street, Suite 10-100, Sacramento, CA 95814. All right, title, and interest in said funds shall be substituted for the defendant property and forfeited to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(A) and (a)(1)(C), to be disposed of according to law.

10. Within thirty (30) days of full payment of the $150,000.00, the United States shall record a withdrawal of lis pendens against the defendant property.

11. If payment in full is not made within the time stipulated above, claimants Muhammad Inayat and Amber Inayat will be deemed to be in default of this Final Judgment of Forfeiture and the U.S. Marshals Service shall be authorized to sell the defendant property pursuant to the terms described below in ¶¶ 12-26.

12. The U.S. Marshals Service (or a designee) shall list the defendant property for sale. The U.S. Marshals Service shall have sole authority to select the means of sale, including sale by internet or through a licensed real estate broker, and shall have sole authority over the marketing and sale of the defendant property.

13. The U.S. Marshals Service shall have the defendant property appraised by a licensed appraiser of its choosing. The U.S. Marshals Service and the appraiser may have access to the defendant property and structures, buildings, or storage sheds thereon upon 24 hours telephonic notice.

14. If necessary, the U.S. Marshals Service, and any real estate broker employed by the U.S. Marshals Service, shall have the right to put a "lock box" on the property to facilitate the marketing and sale of the property.

15. The following costs, expenses and distributions shall be paid in escrow from the gross sales price in the following priority and to the extent funds are available:

    a. The costs incurred by the U.S. Marshals Service to the date of close of escrow, including the cost of posting, service, advertising, and maintenance.

    b. Any unpaid real property taxes, which shall be prorated as of the date of the entry of this Final Judgment of Forfeiture.

    c. A real estate commission not to exceed the U.S. Marshals Service contractual brokerage fee.

    d. The seller shall pay any county transfer taxes.

    e. To claimant JPMorgan Chase Bank, N.A.: a sum to satisfy an indebtedness under the Warranty Deed recorded in the official records of Dupage County, Illinois as instrument number R2007-028964 on February 15, 2007 and the Mortgage ("Note") recorded in the official records of Dupage County, Illinois as instrument number R2007-028965 on February 15, 2007, in the original amount of $690,000.00 plus all unpaid interest at the contractual (not default) rate, plus any advances and costs incurred by JPMorgan Chase Bank up to the date of the payoff of the loan, including, but not limited to any insurance advances, tax advances, and property preservation costs. As of March 13, 2014, the principal due and owing under the Note was $160,210.99. Interest will continue to accrue from March 13, 2014 under the Note at a rate 2.875% per diem. As of March 13, 2014, the interest due and owing under the Note was $581.37. As of March 13, 2014, the total amount due and owing to JPMorgan Chase Bank, N.A. was $163,464.98. The exact amount to be paid to

JPMorgan Chase Bank, N.A. shall be determined at time of payment.

    f.    To claimant TCF National Bank: a sum to satisfy an indebtedness under a Command Credit Plus® Home Equity Line of Credit Agreement ("Note") which is secured by a Command Credit Plus® Mortgage ("Mortgage") recorded in the official records of Dupage County as instrument number R2007-163449 on September 4, 2007, in the original amount of $200,000.00 plus all unpaid interest at the contractual (not default) rate, plus any advances and costs incurred by TCF National Bank up to the date of the payoff of the loan, including, but not limited to any insurance advances, tax advances, and property preservation costs.  As of March 13, 2014, the principal due and owing under the Note was $174,891.12.  Interest will continue to accrue from March 13, 2014 under the Note at a variable rate based on the U.S. prime rate published in the *Wall Street Journal*, and the *per diem* rate will vary.  As of March 13, 2014, the interest due and owing under the Note was $1,377.66.  As of March 13, 2014, the total amount due and owing to TCF National Bank was $176,268.78.  The exact amount to be paid to TCF National Bank shall be determined at time of payment.

    g.    To the United States of America: the net proceeds from the sale of the defendant property after payments have been made to JPMorgan Chase Bank, N.A. and TCF National Bank.  All right, title, and interest in said funds shall be substituted for the defendant property and forfeited to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(A) and (a)(1)(C), to be disposed of according to law.

16. The payments to JPMorgan Chase Bank, N.A. and TCF National Bank shall be in full settlement and satisfaction of any and all claims by JPMorgan Chase Bank, N.A. and TCF National Bank to the defendant property and all claims resulting from the incidents or circumstances giving rise to this lawsuit.

17. Upon payment in full as set forth above in ¶ 15(e) and (f), JPMorgan Chase Bank, N.A. and TCF National Bank agree to reconvey their interest in the defendant property via recordable documents and cause those to be recorded.

18. In the event it is determined that the proceeds from the sale of the defendant property would be insufficient to pay JPMorgan Chase Bank, N.A. and TCF National Bank in full as set forth above in ¶ 15(e) and (f), after the disbursements described above are made in ¶ 15(a)-(d), the United States agrees to release its interest in the defendant property and consent to the exercise of JPMorgan Chase Bank, N.A. and TCF National Bank's state law rights to foreclose upon their Notes.  The United States shall not enter into a binding agreement to sell the defendant property unless the proceeds of such sale are sufficient to pay JPMorgan Chase Bank, N.A. and TCF National Bank in full as set forth above in ¶ 15(e) and (f), unless JPMorgan Chase Bank, N.A. and TCF National Bank otherwise consent in writing.

19. JPMorgan Chase Bank, N.A. and TCF National Bank agree not to pursue against the United States any other rights that they may have under the mortgage instrument, including, but not limited to, the right to initiate a foreclosure action without the consent of the U.S. Attorney's Office or this Court.

20. JPMorgan Chase Bank, N.A. and TCF National Bank understand and agree that the United States reserves the right to void the settlement agreement if, before payment of the mortgage or lien, the U.S. Attorney obtains new information indicating that the mortgagee or lien holder is not an "innocent owner" or "bona fide purchaser" pursuant to applicable forfeiture statutes.  The U.S. Attorney also reserves the right, in its discretion, to terminate the forfeiture at any time and release the subject property.  In either event, the United States shall promptly notify the mortgagee or lien holder of such

action. A discretionary termination of forfeiture shall not be a basis for any award of fees under 28 U.S.C. § 2465.

21. Any liens or encumbrances against the defendant property that appear on record subsequent to the recording of the Lis Pendens on June 24, 2010, and prior to the close of escrow may be paid out of escrow. The United States may pay any such lien or encumbrance at its sole discretion.

22. The costs of a lender's policy of title insurance (ALTA policy) shall be paid for by the buyer.

23. All loan fees, "points" and other costs of obtaining financing shall be paid for by the buyer of the defendant property.

24. Each party shall execute all documents necessary to close escrow, if such signatures are required by the title insurer.

25. Claimants Muhammad Inayat and Amber Inayat represent that they will not take any action, or cause any other person to take any action, to damage or modify the defendant property from its present condition or other action that may result in a reduction in value of the defendant property.

26. Claimants Muhammad Inayat and Amber Inayat shall remove all personal possessions, and the personal possessions of any former occupant, including all vehicles, furniture, and trash, and will leave the property clean and in the same state of repair as the property was on the date it was posted. Any and all of claimant's personal possessions, and the personal possessions of any former occupant, not removed upon 72 hours' notice by the U.S. Marshals Service will be disposed of by the United States without further notice.

27. The United States and its servants, agents, and employees and all other public entities, their servants, agents, and employees, are released from any and all liability arising out of or in any way connected with the filing of the Complaint and the posting of the defendant property with the Complaint and Notice of Complaint. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of the filing of the Complaint and the posting of the defendant property with the

Final Judgment of Forfeiture

Complaint and Notice of Complaint, as well as to those now known or disclosed. Claimants waived the provisions of California Civil Code § 1542.

28. Each party shall bear his or her own costs and attorney's fees.

29. The U.S. District Court for the Eastern District of California, Hon. William B. Shubb, District Judge, shall retain jurisdiction to enforce the terms of this Final Judgment of Forfeiture.

## CERTIFICATE OF REASONABLE CAUSE

30. Based upon the allegations set forth in the Verified Complaint for Forfeiture *In Rem* filed on June 21, 2010, and the Stipulation for Final Judgment of Forfeiture filed herein, the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the posting of the defendant property and/or seizure of the sub *res*, and for the commencement and prosecution of this forfeiture action.

SO ORDERED.

Dated: March 25, 2014

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

Final Judgment of Forfeiture